# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACKIE HELTON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:14CV767 JAR |
| JAY CASSADY, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has neither paid the filing fee nor submitted a motion for leave to proceed in forma pauperis. Additionally, the petition appears to be barred by the limitations period. As a result, the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner was convicted of first degree robbery, attempted first degree robbery, and two counts of armed criminal action. Missouri v. Helton, 0722-CR09046-01 (St. Louis County). The court sentenced him to two consecutive terms of life imprisonment on the robbery charges and consecutive life sentences on the armed criminal action charges. Id. Petitioner appealed, and the Missouri Court of Appeals affirmed on December 22, 2009. Missouri v. Helton, 299 S.W.3d 339; ED 92789 (Mo. Ct. App.). Petitioner filed a Rule 29.15 motion on March 31, 2010. Helton v. Missouri, 1022-CC01617 (St. Louis County). Petitioner appealed from the denial of the motion on April 5, 2012. Helton v. Missouri, 399 S.W.3d 512; ED98293 (Mo. Ct. App.). The Missouri Court of Appeals affirmed on May 28, 2013, and it issued its mandate on June 19,

2013.  Id.  Petitioner signed his petition on April 11, 2014, and, presumably, placed it in the prison mail system on that day.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations.  Day v. McDonough, 547 U.S. 198, 210 (2006).  However, before dismissing a habeas action as time-barred, the court must provide notice to the movant.  Id.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus.  Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion.  Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.  Accordingly, petitioner's judgment of conviction here became final on January 6, 2010, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal.  The one-year limitations period was tolled, however, during the pendency of petitioner's post-conviction proceedings, that is, from March 31, 2010, through June 19, 2013.  See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of the mandate).  Totaling the 84 days between January 6, 2010, and March 31, 2010; and the 296 days between June 19, 2013, and the postmark date of April 11, 2014, 380 days had elapsed on the date the petition was placed in the prison mailbox.  Therefore, the petition appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than thirty (30) days from the date of this Order, why his petition should not be dismissed as time-barred.

**IT IS HEREBY ORDERED** that the Clerk shall mail to petitioner a form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that petitioner shall either submit the motion to proceed in forma pauperis or pay the $5 filing fee within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court may dismiss this case without further notice.

Dated this 18th day of April, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE