## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| **JACKIE HELTON,** | ) |
| **Petitioner,** | ) |
| **v.** | ) **No. 4:14-cv-00767-JAR** |
| **TROY STEELE[1],** | ) |
| **Respondent.** | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jackie Helton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 11). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I.     Introduction and Background

Petitioner was convicted of first degree robbery, attempted first degree robbery, and two counts of armed criminal action. *Missouri v. Helton*, 0722-CR09046-01 (St. Louis County). The court sentenced him to two consecutive terms of life imprisonment on the robbery charges and consecutive life sentences on the armed criminal action charges. *Id.* Petitioner appealed, and the Missouri Court of Appeals affirmed on December 22, 2009. *Missouri v. Helton*, 299 S.W.3d 339; ED 92789 (Mo. Ct. App.). Petitioner filed a Rule 29.15 motion on March 31, 2010. *Helton v. Missouri*, 1022-CC01617 (St. Louis County). Petitioner appealed from the denial of the motion on April 5, 2012. *Helton v. Missouri*, 399 S.W.3d 512; ED 98293 (Mo. Ct. App.). The Missouri

---

[1] Petitioner is currently incarcerated at Easter Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Troy Steele is the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

Court of Appeals affirmed on May 28, 2013, and it issued its mandate on June 19, 2013. Petitioner signed his petition on April 11, 2014, and, presumably, placed it in the prison mail system on that day.

Finding that the petition appeared to be time-barred, on April 18, 2014, the undersigned directed Petitioner to show cause why his petition should not be dismissed as time-barred (Doc. 2). Petitioner responded to the show cause order (Doc. 3). In his response, Petitioner offered the following explanation regarding the timeliness of his petition:

> The reason that I shouldn't be time barred because I didn't receive a fair trial. I was treated very unfairly at my trial in St. Louis City not St. Louis County . . . A Constitutional violation deprived me of a fair trial and due process . . . In continuing with my reason why I shouldn't be time barred. See: [Petitioner appears to cite to the Ryan Ferguson case[2]]

(Doc. 3). In an abundance of caution, the Court directed the Government to respond to the petition (Doc. 7). The Government responded first arguing that the petition was untimely and then addressing the merits (Doc. 11). The Court has reviewed the petition, the Petitioner's response to the show cause order, Petitioner's supplement, and the Government's response in their entireties but, as it has determined that the petition is untimely, the Court will limit its order to that issue.

## II. Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, § 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final." Section 2244(d)(2) explicitly excludes from this period of limitation, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Therefore, while a properly filed state petition for post-conviction relief is pending the

---

[2] See Ferguson v. Dormire, 413 S.W.3d 40 (Mo. Ct. App. 2013).

1-year period of § 2244(d)(2) is tolled. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).

In this case, Petitioner failed to timely file his federal habeas petition. His conviction became final on January 6, 2010. The one-year limitations period was tolled, however, during the pendency of Petitioner's post-conviction proceedings, that is, from March 31, 2010, through June 19, 2013. Totaling the 84 days between January 6, 2010, and March 31, 2010; and the 296 days between June 19, 2013, and the postmark date of April 11, 2014, 380 days had elapsed on the date the petition was placed in the prison mailbox.[3] Furthermore, equitable tolling is unwarranted in this case as nothing in the petition, his supplement, or in his response to the show cause order indicates that Petitioner "has been pursuing his rights diligently" and that some "extraordinary circumstance" stood in his way. *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005).

### III.    Motion for Leave to Proceed In Forma Pauperis

Petitioner has also filed a motion for leave to proceed in forma pauperis (Doc. 17). As the Court previously granted Petitioner's first motion to proceed in forma pauperis (Doc. 6), the Court will deny the motion as moot.

### IV.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jackie Helton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed In Forma Pauperis is **DENIED as moot.**

---

[3] Under the prison mailbox rule, a document filed by a pro se prisoner is "filed" at the time the prisoner delivers the document to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The Government asserts that because the Petitioner did not complete the affidavit on his petition indicating that he placed the petition in the correct mail system, the Court should not give Petitioner the benefit of the prisoner mailbox rule and should not be credit him with the five days from April 11, 2015 to April 16, 2014. However, the Court finds that the prisoner mailbox rule applies in this case because Petitioner signed the affidavit and, although not complete, the affidavit has been notarized and dated.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 8th day of July, 2015.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

- 4 -